UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CHESAPEAKE OPERATING, INC., and<br>CHESAPEAKE EXPLORATION, L.L.C., | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 3:10-CV-1573-B |
| GLENCREST RESOURCES, LLC, | § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiffs Chesapeake Operating, Inc. ("COI") and Chesapeake Exploration, LLC.'s ("CELLC") (together, "Plaintiffs") Motion for Summary Judgment (doc. 27), filed July 15, 2011. For the reasons stated below, Plaintiffs' Motion is **DENIED**.

### I.

### BACKGROUND

This action arises out of a contract dispute between Plaintiffs and Defendant. COI is an Oklahoma corporation and operating agent for CELLC, an Oklahoma limited liability company. Pl. Sec. Am. Compl. ("Compl.") ¶¶ 1-2. Defendant is a Texas limited liability company. *Id.* at ¶ 3. Both Plaintiffs and Defendant own oil and gas leases in Tarrant County, Texas. In October 2009, in order to effectively develop these leases, the parties entered into a contract ("Participation Agreement") setting forth their mutual rights and obligations with regard to particular gas wells. Pl. Mot. Sum. J. 8. Under the Participation Agreement, Plaintiffs agreed to operate the wells, and in return, Glencrest would pay a share of costs for drilling, completing, operating, and plugging the wells. Compl. ¶¶ 8-9.

Additionally, the drilling of the individual wells would be governed by a Joint Operating Agreement ("JOA"). Pl. Mot. Sum. J. 9. The JOA requires that the drilling party inform the other party of the proposed operation and the estimated cost of the operation, and following such notice, the non-drilling party has 30 days to decide whether to participate in the proposed operation. *Id.* Plaintiffs claim, and Glencrest does not dispute, that between December 2009 and March 2010, Glencrest agreed to participate in the operations of three wells (the "Wells"). *Id.* at 10-12. Plaintiffs allege that Glencrest has breached the JOA by failing to pay the operating costs and expenses for the Wells.

On July 15, 2011, Plaintiffs filed a Motion for Summary Judgment. Plaintiffs argue that Glencrest's failure to abide by the JOA is a breach of contract as a matter of law, and that according to the JOA, they are owed both for the costs of operating the Wells as well as attorney's fees. *Id.* at 13-14. In response, Glencrest argues that it has not made payments for two main reasons: first, because Plaintiffs have not provided an accurate accounting of what is owed; and second, because Plaintiffs' systematic overcharging provides a setoff defense. The Court will address the merits of the arguments below.

## II.

## LEGAL STANDARDS

The purpose of summary judgment is "to enable a party who believes there is no genuine dispute as to a separate fact essential to the other side's case to demand at least one sworn averment of that fact before the lengthy process of litigation continues." *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990). Accordingly, Federal Rule of Civil Procedure 56(a) provides that summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." The substantive law governing a matter

determines which facts are material to a case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The summary judgment movant bears the burden of proving that no genuine issue of material fact exists. *Latimer v. Smithkline & French Labs*, 919 F.2d 301, 303 (5th Cir. 1990). However, if the non-movant ultimately bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Rather, the summary judgment movant may satisfy its burden by pointing to the mere absence of evidence supporting the non-movant's case. *Id.* When the movant bears the burden of proving an affirmative defense at trial, "it must establish beyond dispute all of the defense's essential elements." *Bank of La. v. Aetna U.S. Healthcare Inc.*, 468 F.3d 237, 241 (5th Cir. 2006) (citing *Martin v. Alamo Cmty. Coll. Dist.*, 35 F.3d 409, 412 (5th Cir. 2003)).

Once the summary judgment movant has met this burden, the non-movant must "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (per curiam) (citing *Celotex*, 477 U.S. at 325). Factual controversies regarding the existence of a genuine issue for trial must be resolved in favor of the non-movant. *Little*, 37 F.3d at 1075. Nevertheless, a non-movant may not simply rely on the Court to sift through the record to find a fact issue, but must instead point to specific evidence in the record and articulate precisely how that evidence supports the challenged claim. *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Moreover, the evidence the non-movant does provide must raise more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). This evidence must be such that a jury could reasonably base a verdict in the non-movant's favor. *Anderson*, 477 U.S. at 248. If the non-

movant is unable to make such a showing, the court must grant summary judgment. *Little*, 37 F.3d at 1075.

## III.

## ANALYSIS

To succeed on summary judgment, Plaintiffs must demonstrate that there is no genuine issue of fact as to any of the elements of a breach of contract. Under Texas law, to prevail on a breach of contract claim, a plaintiff must establish the following: (1) a valid contract; (2) the party performed or tendered performance; (3) the opposing party breached the contract; and (4) the party was damaged as a result of that breach. *Brown v. Ogbolu*, 331 S.W.3d 530, 535 (Tex. App.–Dallas 2011). To defeat summary judgment, the non-moving party must raise a genuine issue of fact as to at least one of these elements. *See, e.g., Newport Ltd. v. Sears, Roebuck & Co.*, 6 F.3d 1058 (5th Cir. 1993) (finding a genuine issue of fact regarding the calculation of damages stemming from a breach of contract); *BPE, Event Solutions, Inc. v. G.D. Barri & Assoc., Inc.*, No. H-07-1855, 2009 WL 81807, at *2 (S.D. Tex. Jan. 9, 2009). The parties do not dispute that they entered into a valid contract, or that by not paying in accordance with the JOA, Glencrest breached the contract. Rather, the dispute central to this suit concerns the damages resulting from that breach. That is, Glencrest argues that summary judgment on Plaintiffs' breach of contract claim must be denied because "there is a genuine issue of material fact as to the amount of damages." Def.'s Resp. 7. More precisely, Glencrest maintains that it has been systematically overcharged, in part because of Plaintiffs' inaccurate accounting practices and in part because Plaintiffs have engaged in self-dealing with their affiliates.

Glencrest argues first that Plaintiffs' damages table is erroneous because of an "established

pattern of poor accounting practices," which includes billing for the wrong wells as well as mistaken charges. *Id.* at 7-8. In Glencrest's view, the premise that the accounting practices have been inaccurate leads to the conclusion that the Court can properly "call into doubt the entirety of Chesapeake's damages calculation." *Id.* at 8. Such a hasty generalization suggests that, because of prior mistakes, Plaintiffs could never calculate damages with a degree of assurance that would satisfy the Court. This view is not persuasive; it casts metaphysical doubt on the damages without identifying actual mistakes that call the damages enumerated in the Second Amended Complaint into question. *See Matsushita Elec.*, 475 U.S. at 586. Unless and until Glencrest offers evidence that would indicate that the Plaintiffs' proposed damages are unreliable, its conclusory statements that the accounting is suspect is insufficient to defeat summary judgment.

Nevertheless, Glencrest's argument that it is entitled to a setoff defense raises substantial questions about the accuracy of damages. Glencrest contends that this defense is available because it has been overcharged for post-production expenses, expenses that Plaintiffs allegedly do not charge its own affiliates. Def.'s Resp. 5. To support this claim, Glencrest has provided affidavits that indicate concern that Plaintiffs' post-production expenses have been improperly inflated. *See* Benton Aff., Ex. 2 to Def's Resp. Although this evidence is admittedly thin, Glencrest claims that it has made several document requests to the Plaintiffs that have been resisted. Plaintiffs respond by asking the Court to strike the setoff defense *sua sponte*.[1] While under Rule 12(f) the Court may strike a defense that is "redundant, immaterial, impertinent, or scandalous," Plaintiffs have failed to explain why these criteria would be applicable to Glencrest's setoff defense. As such, the Court will not strike

---

[1] Plaintiffs failed to raise this motion within 21 days of being served with the pleading, as required by Fed. R. Civ. P. 12(f)(2).

the defense.

Given that the Court must view evidence in the light most favorable to the non-moving party, the Court cannot say that there is not a genuine issue of material fact regarding the accuracy of the damages. Accordingly, Plaintiffs cannot satisfy their claim for breach of contract as a matter of law, and their Motion for Summary Judgment is **DENIED**.

## IV.

## CONCLUSION

Based on the foregoing, the Court **DENIES** Plaintiffs' Motion for Summary Judgment. The pretrial conference in this case remains scheduled for **November 7 at 10 a.m.**

**SO ORDERED.**

DATED October 26, 2011

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE